IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CASSSIE JACKSON, on behalf of herself and all others similarly situated, | ) ) ) | Civil Action No. |
| Plaintiff, | ) ) ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) ) | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION D/B/A FANNIE MAE, and OPEN SYSTEMS, INC. | ) ) ) ) | |
| Defendants. | | |

_____

# COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Cassie Jackson ("Plaintiff" or "Jackson"), on behalf of herself and all others similarly situated, and files this lawsuit against Defendants Federal National Mortgage Association ("Fannie Mae") and Open Systems, Inc. ("Open Systems")  (Fannie Mae and Open Systems collectively referred to as "Defendants"), and shows the following:

## I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.  Plaintiff brings this action as

the representative party for all similarly situated employees of Defendant(s).

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendants' failure to pay federally mandated overtime wages to Plaintiff and similarly situated individuals in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant Fannie Mae resides in this district for jurisdictional purposes. Defendant Fannie Mae does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant Fannie Mae resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

5.

Defendant Open Systems is a Georgia corporation and resides in this district. Defendant Open Systems does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant Open System resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

### III. Parties and Facts

6.

Plaintiff is a resident of the State of Georgia.

7.

Plaintiff was employed by Defendants from July 23, 2012 – March 6, 2015.

8.

Plaintiff was an "employee" of Defendants, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

9.

Throughout the period of July 23, 2012 – March 6, 2015, Plaintiff was employed by Defendants as a non-exempt employee and paid on an hourly basis.

3

10.

Throughout the period of July 23, 2012 – March 6, 2015, Plaintiff was employed by Defendants as a "credit underwriter".

11.

Throughout the period of July 23, 2012 – March 6, 2015, Plaintiff's primary and virtually only duty as a credit underwriter was the performance of secondary review of loan files, which consisted primarily of discretion lacking review of loans that had previously received consideration and decisions from lenders and had been purchased by Fannie Mae.

12.

During the last three years, Defendant Fannie Mae typically had 70 or more "credit underwriters" at its Atlanta, Georgia office located at 950 East Paces Ferry Road, N.E. Atlanta, Georgia 30326.  During the last three years, Defendant typically had numerous other credit underwriters in offices in other states.

13.

Despite the fact the credit underwriters performed the same job duties, Defendant Fannie Mae treated many of the credit underwriters as independent contractors and paid them on an hourly basis, while treating other credit underwriters as W-2 employees and paying them a salary.

14.

During the last three years, Plaintiff and other credit underwriters (both W-2 employees and those misclassified as independent contractors) all worked alongside each other in the same offices at Fannie Mae's Atlanta, Georgia office at 950 East Paces Ferry Road, N.E. Atlanta, Georgia 30326.

15.

During the last three years, Plaintiff and other credit underwriters (both W-2 employees and those misclassified as independent contractors) all reported to the same supervisors, attended the same department meetings, and were all subject to daily supervision and control of their job duties by Fannie Mae's management.

16.

With respect to supervision, Plaintiff and other credit underwriters (both W-2 employees and those misclassified as independent contractors) all reported to "team leads" and the team leads reported to underwriting managers. Specifically, at any given time there were approximately six (6) teams of credit underwriters in the Atlanta, Georgia office that collectively reported to approximately six (6) underwriting managers and 12 team leads. Each "team" consisted of approximately 8 – 14 credit underwriters (comprised of W-2 employees and those treated as independent contractors) reporting to two team leads that were assigned to the

team, and the two team leads and underwriters for the individual team reported to one underwriting manager.

17.

During the last three years, Plaintiff and other credit underwriters (both W-2 employees and those misclassified as independent contractors) had the same production requirements, i.e. they were required review specific minimum number(s) of loan files each day.

18.

Defendant Fannie Mae knew or had reason to know that in order to meet the production requirements Plaintiff and the other credit underwriters had to work in excess of 40 hours in a work week.

19.

Despite knowing the production requirements required credit underwriters to work in excess of 40 hours per week, Defendant Fannie Mae directed the independent contractor underwriters not to report overtime, unless they had already met their production quotas.

20.

Defendant Fannie Mae's directives to the hourly credit underwriters to not report overtime unless they had met their production quotas were made by

management employees, including underwriting general managers at, among other times, departmental meetings attended by all of the underwriting managers, teams leads, and credit underwriters in the Atlanta, Georgia office.

21.

Plaintiff's general manager, Jackie Stoddard, echoed the directive to not report overtime to Plaintiff and the other credit underwriters on her team on numerous occasions.

22.

In or about July 2014, following an arbitrator's finding that a Fannie Mae letter review underwriter did not qualify for the administrative exemption, Fannie Mae carried out a clandestine process of paying out back overtime wages to, among other workers, unrepresented credit underwriters without obtaining court approval of the payout as a reasonable settlement of their potential FLSA claims.

23.

In making the above referenced payout, Fannie Mae did not pay back wages to Plaintiff and the other credit underwriters for their periods of employment in which Fannie Mae had classified them as independent contractors.

24.

During the last three years, Defendant Fannie Mae owned or leased the facilities in which Plaintiff and other credit underwriters worked.

25.

During the last three years, Plaintiff and others credit underwriters (both W-2 employees and those misclassified as independent contractors) did not provide any investment in equipment or facilities in their work for Defendants.

26.

During the last three years, Plaintiff and other credit underwriters (those misclassified as independent contractors) were economically dependent on Defendants.

27.

During the last three years, Defendant Fannie Mae regularly approved Plaintiff and other purported independent contractor credit underwriters' weekly timecards.

28.

Plaintiff and other purported independent contractor credit underwriters were paid through third parties. For example, Plaintiff was paid her wages via a

staffing company, Defendant Open Systems, Inc. Defendant Open Systems treated Plaintiff and other Fannie Mae credit underwriters as W-2 employees.[1]

29.

During the last three years, Defendant Open Systems, Inc. was responsible for administering Plaintiff and other purported independent contractor credit underwriters' payroll once their timecards were approved by Fannie Mae.

30.

During the last three years, Defendants had the right, directly or indirectly, to hire, fire, or modify the Plaintiff's and other purported independent contractor credit underwriters' employment conditions.

31.

Defendants knew or had reason to know that Plaintiff and other purported independent contractor credit underwriters were working unpaid overtime hours.

32.

During the last three years, Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for hours worked over (40) in such weeks.

---

[1] Plaintiff respectfully reserves the right to seek leave from the Court to amend her Complaint to add other third party staffing companies that handled other class members' payroll as Defendants should the facts warrants their addition.

33.

Defendants are private employer engaged in interstate commerce, and their respective gross revenues exceed $500,000 per year.

34.

During the last three years, Defendants suffered or permitted Plaintiff and other purported independent contractor credit underwriters to work in excess of 40 hours in given workweeks without receiving overtime compensation.

35.

During the last three years, Defendant Fannie maintained a policy of misclassifying Plaintiff and those similarly situated to her as "independent contractors" and requiring such employees to work overtime hours off the clock.

36.

During the last three years, Plaintiff and other purported independent contractor credit underwriters had no opportunity for profit and loss in their employment with Defendants, as they were paid an hourly wage for work performed and did not perform any managerial tasks.

37.

Defendants are "employers" within the definition of the FLSA, 29 U.S.C. §203(d).

38.

Defendants are governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

### IV.     Collective Action Allegations – as to Defendant Fannie Mae

39.

Plaintiff incorporates the allegations set forth above as if set forth fully herein.

40.

Plaintiff brings Count I of this Complaint on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals comprising the "Fannie Mae Collective Class" are individuals who, at any time in the last three years, have worked for Defendant Fannie Mae as credit underwriters while being treated as independent contractors nationwide. In the alternative to the proposed nationwide class, Plaintiff will also seek certification of a class of credit underwriters who, at any time in the last three years, have worked for Defendant Fannie Mae as credit underwriters while being treated as independent contractors in a more refined geographic region, for example, Fannie Mae's Atlanta, Georgia office.

41.

During the last three years, Plaintiff and the members of the Fannie Mae Collective Class routinely worked in excess of (40) hours per workweek without receiving overtime compensation for hours they worked over 40 hours in given work weeks while performing the duties of credit underwriters.

42.

During the last three years, Defendant Fannie Mae was aware that Plaintiff and members of the Fannie Mae Collective Class were working in excess of 40 hours in given workweeks without receiving overtime compensation.

43.

During the last three years, Defendant Fannie Mae maintained a policy of misclassifying Plaintiff and members of the Fannie Mae Collective Class as "independent contractors," and requiring putative class members to work overtime hours off the clock. In so doing, Defendant Fannie Mae failed to pay members of the Fannie Mae Collective Class overtime compensation, calculated at one and one-half times their regular rate of pay for hours they worked in excess of (40) in given workweeks.

44.

During the last three years, the primary duty of Plaintiff and the Fannie Mae Collective Class was the performance of non-exempt work.

45.

During the last three years, Defendant Fannie Mae paid Plaintiff and members of the Fannie Mae Collective Class on an hourly basis, and failed to pay the employees overtime compensation, calculated at one and one-half times their regular rate of pay, for hours such employees worked in excess of (40) in given workweeks off the clock as required by Fannie Mae.

### V.     Collective Action Allegations – as to Defendants Fannie Mae and Open Systems, Inc.

46.

Plaintiff incorporates the allegations set forth above as if set forth fully herein.

47.

Plaintiff brings Count I of this Complaint on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals for purposes of the collective action claim against Fannie Mae and Open Systems, Inc. (the "Fannie Mae/Open Systems Collective

Class") are individuals who, at any time in the last three years, have worked for Defendants as credit underwriters while being treated as independent contractors by Fannie Mae nationwide. In the alternative to the proposed nationwide class, Plaintiff will also seek certification of a class of credit underwriters who, at any time in the last three years, have worked for Defendants as credit underwriters while being treated as independent contractors by Fannie Mae in a more refined geographic region, for example Fannie Mae's Atlanta, Georgia office.

48.

During the last three years, Plaintiff and members of the Fannie Mae/Open Systems Collective Class routinely worked in excess of (40) hours per workweek without receiving overtime compensation for hours they worked over 40 hours in given work weeks while performing the duties of credit underwriters.

49.

During the last three years, Defendants were aware that Plaintiff and members of the Fannie Mae/Open Systems Collective Class were working in excess of 40 hours in given workweeks without receiving overtime compensation.

50.

During the last three years, Defendant Fannie Mae maintained a policy of misclassifying Plaintiff and members of the Fannie Mae/Open Systems Collective

14

Class as "independent contractors," and required putative class members to work overtime hours off the clock.

51.

Defendants knew or had reason to know that members of the Fannie Mae/Open Systems Collective Class were working unpaid overtime hours off the clock per Fannie Mae's directives. Defendants failed to pay members of the Fannie Mae/Open Systems Collective Class overtime compensation, calculated at one and one-half times their regular rate of pay for hours they worked in excess of (40) in given workweeks.

52.

During the last three years, the primary duty of Plaintiff and the Fannie Mae/Open Systems Collective Class was the performance of non-exempt work.

53.

During the last three years, Defendants paid Plaintiff and members of the Fannie Mae/Open Systems Collective Class on an hourly basis, and failed to pay the employees overtime compensation, calculated at one and one-half times their regular rate of pay, for hours worked in excess of (40) in given workweeks.

## Count I

## Violation of the Overtime Wage Requirement of

## the Fair Labor Standards Act (Plaintiff and the Collective Classes)

54.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

55.

Defendants have violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff and members of the Fannie Mae and/or Fannie Mae/Open Systems Collective Class worked in excess of (40) hours in given workweeks.

56.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

57.

Defendants suffered or permitted Plaintiff and members of the Fannie Mae and/or Fannie Mae/Open Systems Collective Class to routinely work more than (40) hours per week without overtime compensation.

58.

Defendants' actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and members of the Fannie Mae and/or Fannie Mae/Open Systems Collective Class at the required overtime rate.

59.

Defendants knew, or showed reckless disregard for the fact that Defendants failed to pay Plaintiff and members of the Fannie Mae and/or Fannie Mae/Open Systems Collective Class overtime compensation in violation of the FLSA.

60.

Defendants failed to accurately report, record and/or preserve records of hours worked by Plaintiff and members of the Fannie Mae and/or Fannie Mae/Open Systems Collective Class, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine

their wages, hours and other conditions and practices of employment, in violation of the FLSA.

61.

Plaintiff and members of the Fannie Mae and Fannie Mae/Open Systems Collective Class were subject to the same unlawful policies, i.e. Defendant Fannie Mae misclassifying Plaintiff and class members as "independent contractors" and failing to pay them overtime compensation calculated at one and one-half times their regular rate for hours worked in excess of (40) in given workweeks by requiring class members to work overtime hours off the clock with Defendants' actual or constructive knowledge.

62.

Defendants' violations of the FLSA were willful and in bad faith.

63.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff and members of the Fannie Mae and Fannie Mae/Open Systems Collective Class are entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff and class members that opt-in a trial by jury as to all triable issues of fact;

(B) Enter judgment against Defendants and awarding Plaintiff and members of the proposed classes that opt-in unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that the rights of Plaintiff and members of the proposed classes that opt-in have been violated and that Defendants willfully violated the FLSA;

(D) Grant conditional certification and provide notice of this action to all similarly situated individuals;

(E) Grant Plaintiff leave to add additional state law claims and additional parties as Defendants if necessary; and

(F)  Award Plaintiff such further and additional relief as may be just and appropriate.

This 28th day of April, 2015.

**BARRETT & FARAHANY, LLP**

/s/ V. Severin Roberts
Amanda A. Farahany
Georgia Bar No. 646135
V. Severin Roberts
Georgia Bar No. 940504
1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214- 0120
Facsimile: (404) 214-0125
Email: vsroberts@bf-llp.com; Amanda@bf-llp.com

**FRIED & BONDER, LLC**
Jerilyn E. Gardner
Georgia Bar No. 139779
C. Andrew Head
Georgia Bar No. 341472
White Provision, Suite 305
1170 Howell Mill Road, N.W.
Atlanta, Georgia 30318
Telephone: (404) 995-8808
Facsimile: (404) 995-8899
Email: ahead@friedbonder.com; jgardner@friedbonder.com

Attorneys for Plaintiff Cassie Jackson