EXHIBIT A

## SETTLEMENT
## AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is made and entered into by and between you, Belange Sala-Diakanda ("Sala-Diakanda" or "you"), and Fannie Mae (collectively, the "Parties").

WHEREAS, during your employment by Aerotek, Inc. ("Aerotek"), you were assigned by your employer, Aerotek, to perform services for its customer, Fannie Mae. After the period in which you performed services for Fannie Mae, you filed a notice of consent to join an action against Fannie Mae and Aerotek, Inc. ("Aerotek"), among other parties, in the United States District Court for the Northern District of Georgia styled: *Jackson v. Federal National Mortgage Association et al.*, No. 1:15-cv-1411-AT, hereinafter referred to as the "Action".

WHEREAS, without any admission of wrongdoing, and without the further expenditure of time or the expense of contested litigation, the Parties each desire to enter into this Agreement for the purposes of resolving any and all issues you have raised in the Action, any and all issues that could have been raised in the Action, and any and all known or unknown, pending and potential claims and disputes you may have against Fannie Mae and the other Released Parties (as defined below and to the extent set forth below).

WHEREAS, you and Fannie Mae have agreed on the following terms that will forever resolve any and all existing and potential claims between you on the one hand and Fannie Mae and the other Released Parties on the other hand, including any claims you have that in any way relate to your assignment to perform services for Fannie Mae during your employment by Aerotek. For the avoidance of doubt, the claims released in this Agreement do not include any claims that Fannie Mae may have against any entity or person other than Sala-Diakanda, including other parties to the Action.

NOW, THEREFORE, in consideration of these premises and of and in return for the payment, promises, affirmations, covenants, releases, and undertakings as set forth in this Agreement, the Parties agree as follows:

1.     Effective Date.  This Agreement will become effective and enforceable on the date you accept it (the "Effective Date"), unless you timely revoke it in accordance with Paragraph 8(e). You will have twenty-one (21) calendar days in which to consider, sign and have your counsel return it to Fannie Mae.  The 21-day period begins on the day after you or your counsel receives this Agreement.

2.     Fannie Mae Consideration.  Contingent upon your execution of, non-revocation of, and compliance with the terms of this Agreement, Fannie Mae will pay you the gross amount of Forty Thousand Nine Hundred Forty-Eight Dollars and Fifty-Three Cents ($40,948.53) within fifteen (15) business days of (i) Fannie Mae's receipt of your signed Agreement and executed IRS Forms W-9 (by Sala-Diakanda and her counsel, Barrett & Farahany); and (ii) the dismissal of the Action with respect to your claims *with prejudice* or the filing of the Notice of Voluntary Dismissal, *with prejudice* (see Paragraph 5, below), whichever happens first, but in no case earlier than fifteen (15) business days after the Court's approval of the settlement reached between you and Fannie Mae. Payment will be made in the form of two checks, delivered to your counsel, as follows:

(a)     One check made payable to "Belange Sala-Diakanda" for the gross amount of Twenty-Seven Thousand Two Hundred Forty-Six Dollars and Three Cents ($27,246.03). An IRS Form 1099 will be issued in due course for the total payment of $40,948.53 made to you under this Agreement, which amount includes the direct payment of $13,702.50 made payable to "Barrett & Farahany" under Paragraph 2(b) below.

(b)     One check made payable to "Barrett & Farahany" in the amount of Thirteen Thousand Seven Hundred Two Dollars and Fifty Cents ($13,702.50), reflecting the portion of the payment allocated by you as attorneys' fees and expenses incurred by you in pursuing your claims in the Action. A separate IRS Form 1099 will be issued to "Barrett & Farahany" (EIN # 58-2591514) for this amount.

If at a later date it is determined by federal, state, or local taxing authorities, or by a court of competent jurisdiction, that any taxes should have been paid on the distributions referenced in Paragraphs 2(a) and 2(b), such taxes (including penalties, assessments, and interest) shall be your sole responsibility. You represent and agree that you will make all payments on such taxes, penalties, interest, and assessment and any that arise out of your failure to do so in a timely manner. Further, you agree to indemnify and hold Fannie Mae harmless if Fannie Mae is required by any tax authority to pay interest, and/or penalty by reason of not paying, reporting, or withholding any amounts in relation to Paragraphs 2(a) and 2(b) and to indemnify Fannie Mae for any and all legal fees and costs associated with responding to and/or defending a claim by said tax authority regarding the amounts referenced in Paragraphs 2(a) and 2(b).

3.     <u>Release of Claims</u>. You unconditionally release, waive, settle, and forever discharge any and all suits, actions, and claims, known and unknown (including claims for damages, injunctive relief, attorneys' fees, expenses and/or costs) that you may have against (a) Fannie Mae; its conservator, the Federal Housing Finance Agency; Common Securitization Solutions, LLC ("CSS"), and its and their respective past and present officers, directors, agents and employees (in their individual or representative capacities), and any past, present or successor of the Fannie Mae pension or benefit plans and its officers, directors, trustees, administrators, fiduciaries, agents or employees (collectively, and including Aerotek to the extent set forth in part (b) below, the "Released Parties") for any actions, omissions or decisions, from the beginning of the world up to and including the date you sign this Agreement, directly or indirectly relating to any matter whatsoever and (b) Aerotek relating to your assignment by Aerotek to perform certain underwriting services for Fannie Mae. However, you do not waive any rights or claims that cannot be waived under applicable law and you do not waive any rights or claims associated with the performance of the provisions of this Agreement or that arise after you sign this Agreement. You agree that this release includes claims that you presently do not know of or suspect to exist, even if you would not have entered into this Agreement had you known of those claims. You also understand that this release means that you are giving up the right to sue Fannie Mae or any of the Released Parties on any claim released. This Agreement does not waive or release any claim(s) Fannie Mae may have against Aerotek including any claim(s) for indemnification or breach of contract.

4.     <u>Release Includes Claims Under Federal, State, Local, and Common Law; Waiver of Recovery; Affirmations; Waiver of Class and Collective Actions; Non-Disparagement.</u>

BELANGE SALA-DIAKANDA
CONFIDENTIAL AGREEMENT AND GENERAL RELEASE
Page 3 of 7

(a)     Scope of Release.  Except as set forth in part (b) of Paragraph 3 with respect to claims against Aerotek, you agree that your general release of the Released Parties in Paragraph 3 above is comprehensive and includes all claims and potential claims to the maximum extent permitted by law, and includes, but is not limited to:  (i) releasable claims under any federal statute, ordinance, regulation or executive order, as amended, including, but not limited to, the Fair Labor Standards Act of 1938, the Civil Rights Act of 1866, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, 42 U.S.C. Section 1981, the Equal Pay Act of 1963, the Lily Ledbetter Fair Pay Act of 2009, the Americans with Disabilities Act of 1990, the ADA Amendments Act of 2008, the Sarbanes-Oxley Act of 2002 ("SOX"), the Dodd-Frank Wall Street Reform & Consumer Protection Act of 2010 ("Dodd-Frank"), all other federal whistleblower protection statutes, the Employee Retirement Income Security Act of 1974, the Rehabilitation Act of 1973, the Family and Medical Leave Act of 1993, the Age Discrimination in Employment Act of 1967; the Older Workers Benefit Protection Act of 1990; the Worker Adjustment and Retraining Notification Act of 1988, Executive Order 11246, the Occupational Safety and Health Act of 1970 and the National Labor Relations Act; (ii) any claims under any state or local statute, ordinance or regulation, as amended, including, but not limited to, any state or local fair employment, human rights, leave, wage payment, or civil rights statutes in the jurisdiction(s) where you have performed services for Fannie Mae; (iii) any claims under state law for failure to pay wages, failure to provide overtime wages, or failure to provide accurate pay statements; and (iv) any claims under common law, including, but not limited to, claims for breach of contract, wrongful discharge, tort, and equitable relief.  The claims included in this Paragraph 4(a) do not include claims which by law cannot be released.  This Agreement does not waive or release any claim(s) Fannie Mae may have against Aerotek including any claim(s) for indemnification or breach of contract.

(b)     Waiver of Recovery.  You waive any rights to recover in any lawsuit, judicial action, or administrative or other proceeding relating to Fannie Mae brought on your behalf concerning matters covered by this Release by any person, group, or agency, including the U.S. Equal Employment Opportunity Commission, the U.S. Department of Labor, the Office of Federal Contract Compliance Programs, or any other federal, state, or local administrative or fair employment rights enforcement agency.  Notwithstanding any other language in this Agreement, nothing herein is intended to or shall restrict your right to receive and fully retain a monetary award from a government-administered whistleblower award program for providing information directly to a government agency.

(c)     Affirmations.  By signing this Agreement, you specifically affirm the following: (i) you have returned, or ensured the return of, all Fannie Mae assets, information, and other property to Fannie Mae; (ii) apart from the claims in the Action, you have reported to Fannie Mae's Offices of Ethics or Investigations any conduct or action by Fannie Mae (or its employees, consultants, contractors, agents, or vendors, including you) that Fannie Mae may need to remediate, report, or investigate, or that may violate any law or any rights you may have; (iii) while using Fannie Mae assets, you have not committed, or assisted anyone else to commit, any fraudulent or criminal act(s); (iv) while assigned to perform services for Fannie Mae, you did not suffer any work-related injury for which you have not already filed a claim; (v) you are no longer assigned to perform services for Fannie Mae by Aerotek or any other entity; and, (vi) you have fully complied with your obligations under the Certification for Vendors' Employees and Third Party Employees Assigned to Fannie Mae agreement.

(d)     Class Action Waiver.  You further agree that with the exception of the Action, you will not bring or participate in any class, collective, or representative action against Fannie Mae and the other Released Parties which asserts, in whole or in part, any claim(s) which arose through the date you

sign this Agreement, whether or not such claims are specifically covered by this Agreement ("Class Action Waiver"). Notwithstanding any other clause contained in this Agreement, the preceding sentence shall not be severable from this Agreement in any case in which the dispute to be litigated or arbitrated is brought as a class, collective, or representative action. Although you will not be retaliated against as a result of exercising your rights under Section 7 of the National Labor Relations Act by the filing of or participation in a class, collective, or representative action in any forum, Fannie Mae and the other Released Parties may lawfully seek enforcement of this Agreement and the Class Action Waiver under the applicable law and seek dismissal of such class, collective, or representative actions or claims. Notwithstanding any other clause contained in this Agreement, any claim that all or part of the Class Action Waiver is unenforceable, unconscionable, void, or voidable may be determined only by a court of competent jurisdiction and not by an arbitrator. The Class Action Waiver shall be severable in any case in which the dispute is filed as an individual action and severance is necessary to ensure that the individual action proceeds.

(e)     Non-Disparagement.  Except as otherwise provided in Section 6(b) below, you agree not to make any oral or written statement concerning your  employment with Aerotek and your assignment to perform services for Fannie Mae to any third party that would tend to disparage, denigrate, ridicule, or otherwise impugn Fannie Mae's or any other Released Party's reputation.

5.     Dismissals with Prejudice/No Pending Complaints or Charges.  As soon as practicable after the Effective Date and the Court's approval of the settlement reached between you and Fannie Mae in the Action, you agree to obtain a voluntary dismissal, *with prejudice*, relating to the Action.  Other than the Action, you represent that you have not filed any complaints, charges, claims, lawsuits, demands, and/or other actions ("Complaints") against any of the Released Parties with any federal, state, local court, administrative agency, or arbitral forum and that you have not assigned or transferred to any person or entity any Complaints related to the Released Parties; provided, however, that you need not disclose to Fannie Mae, and the foregoing representation does not apply to, conduct or matters described in Section 6(b) below.  To the extent any such Complaints are pending, or if any agency, arbitrator, or court assumes jurisdiction on your behalf of any Complaint against any of the Released Parties, you will promptly request that entity to withdraw from the matter.

6.     Cooperation.  You understand and agree that nothing in this Agreement shall be construed to affect Fannie Mae's or any federal or state agency's independent right and responsibility to enforce the law.

(a)     You agree that you will fully cooperate with any investigation conducted by Fannie Mae, Fannie Mae's auditor, the Federal Housing Finance Agency, the US Securities and Exchange Commission, or other federal, state or local government authority relating to Fannie Mae.

(b)     This Agreement also does not preclude you from filing a charge, including with the Equal Employment Opportunity Commission, or confidentially communicating, or cooperating with any federal, state, or local governmental authority or from taking any action required by law; in each case without receiving prior authorization from or having to disclose such conduct (including under Section 5 above) to Fannie Mae.  Fannie Mae agrees that it will not construe any assertion of privilege applicable to you individually as failure to cooperate.  However, you understand that Fannie Mae's privileges may only be asserted or waived by Fannie Mae.

(c)     The Parties understand that the Defend Trade Secrets Act of 2016 provides that an individual may not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret: (i) made in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney, solely for the purpose of reporting or investigating a suspected violation of law; and/or (ii) made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal.

7.     No Right of Employment. You agree that you will not apply for or solicit Fannie Mae or Common Securitization Solutions, LLC (collectively, the "Fannie Mae Entities") to hire or rehire you to provide services for the Fannie Mae Entities, including as an employee, consultant or contractor. You understand and agree that you will not seek, apply for, or accept future employment with the Fannie Mae Entities at any time hereafter. In addition to prohibited future employment by the Fannie Mae Entities, you agree that you will not otherwise provide services to the Fannie Mae Entities as an onsite (assigned regular access to/use of Fannie Mae facilities and/or its network) consultant, contractor, agent or vendor. With these restrictions, you are not otherwise prohibited from seeking or accepting employment with a company that does business with Fannie Mae. You agree that your forbearance to seek such employment or otherwise provide services is purely contractual and in no way involuntary, discriminatory, or retaliatory.

8.     ADEA Waiver and Acknowledgments.

(a)     Waiver of rights and claims under the ADEA and other laws. By your general release of the Released Parties in Paragraphs 3 and 4, you knowingly and voluntarily waive any rights and claims under the Federal Age Discrimination in Employment Act of 1967, as amended, the Older Workers Benefit Protection Act of 1990, as amended, (together, the "ADEA"), and under the other statutes and laws set forth in Paragraph 4(a), above. However, you acknowledge and understand that you are not waiving any claims for age discrimination under the ADEA that may arise after the date you sign this Agreement, and you are not waiving any vested benefits, if any.

(b)     Sufficient consideration. You agree that, absent your entry into this Agreement, you would not be entitled to the consideration set forth in Paragraph 2 of this Agreement. The payments and other consideration to be provided to you under this Agreement are solely in exchange for your promises and affirmations in the Agreement, including your waiver and release of claims, and represent amounts and/or other consideration in excess of any amounts to which you are otherwise entitled.

(c)     Time to Consider and Consult With an Attorney. You confirm that you have been given twenty-one (21) calendar days to consider this Agreement, which time is sufficient and satisfies any notification requirements that may exist. You may use as much or as little of the 21 calendar days as you determine you need to consider the Agreement. Should you elect to sign this Agreement before the expiration of 21 calendar days, you acknowledge that you are doing so voluntarily and that you are waiving the right to review the Agreement for the remainder of the 21 calendar days. You are hereby strongly advised to consult with an attorney before executing this Agreement and by signing this Agreement you confirm that you have had a fair and full opportunity to do so. You further understand

BELANGE SALA-DIAKANDA
CONFIDENTIAL AGREEMENT AND GENERAL RELEASE
Page 6 of 7

that Fannie Mae is not responsible for any expenses you may incur in consulting an attorney.

(d)    Knowing and Voluntary.    You have entered into this Agreement knowingly and voluntarily with full understanding of its terms and after having had the opportunity to seek and receive advice and counsel from your personal legal counsel.

(e)    Revocation.    You may revoke your acceptance of this Agreement within seven (7) calendar days after you sign it.    Revocation is effective only by providing written notice to Fannie Mae's Vice President and Deputy General Counsel, Madonna McGwin at 3900 Wisconsin Avenue, NW, Washington, DC 20016, or by email to Madonna_a_mcgwin@fanniemae.com.    If you timely revoke your execution of this Agreement, the Agreement will be null and void and you will not receive any payment or other consideration related to the Agreement.    A mailed revocation notice must be post-marked no later than the seventh (7th) day after the date you signed the Agreement.

9.    Other Terms of this Agreement.

(a)    Any controversy, dispute or claim arising out of or relating to this Agreement, breach thereof, or any of the circumstances relating to any matter not released pursuant to Paragraphs 3 and 4 shall first be addressed through good faith negotiation, directly through counsel for the Parties.

(b)    The laws of the state of Georgia shall govern this Agreement. You agree that, should a court or an arbitrator of competent jurisdiction determine that any provision of this Agreement is illegal or invalid, that provision will be deemed modified to the extent necessary to be valid and enforceable. If such modification is not possible, any illegal or invalid provision will be deemed not to be a part of this Agreement and the validity of the remaining parts, terms, and provisions will not be affected.

(c)    This Agreement supersedes any prior written or oral employment agreement between you and Fannie Mae, and any such agreement is terminated effective upon execution of this Agreement. You and Fannie Mae understand and agree that, with the exception of the Certification for Vendors' Employees and Third Party Employees Assigned to Fannie Mae agreement, the terms and conditions of this Agreement constitute your full and complete understandings, promises, affirmations, covenants, and undertakings to each other, and that there are no oral or written understandings, promises, affirmations, covenants, undertakings, or inducements made or offered with respect to the subject matter covered in this Agreement other than those set forth in writing in this Agreement, and this Agreement merges and supersedes any and all prior understandings, promises, affirmations, covenants, undertakings, and representations on the subject matter covered herein. No modification of this Agreement shall be valid unless it is in writing and signed by you and by Fannie Mae (as indicated by the signature on an officer in Fannie Mae's Legal Department).

(d)    By entering into this Agreement, Fannie Mae is not admitting to having: (i) ever employed you, (ii) violated any of your rights, (iii) violated any of the duties or obligations owed to you, or (iv) engaged in any conduct in violation of the common law or the above-referenced statutes, ordinances, executive orders or regulations. You agree that except as necessary to enforce this Agreement, or as otherwise required by law, neither this Agreement nor any of its terms shall be

BELANGE SALA-DIAKANDA
CONFIDENTIAL AGREEMENT AND GENERAL RELEASE
Page 7 of 7

offered as evidence in any action or proceeding, or utilized in any other matter as an admission or concession of liability or wrongdoing of any nature by Fannie Mae.

(c)     This Agreement will be binding upon and run to the benefit of you and Fannie Mae and to your respective heirs, representatives, executors, trustees, directors, employees, successors, and assigns.

10.     Execution. By signing this Agreement you confirm that your decision to enter into it is wholly knowing, voluntary, and absent any pressure or undue influence by Fannie Mae. You further confirm that you have carefully read, fully understand, and agree to all of the provisions of this Agreement and that you are hereby advised to, and have had an opportunity to, review it with your attorney. You also represent that you have not made any alterations or changes to this Agreement and that you intend to be legally bound by it. If you make any alterations or changes to this Agreement, the Agreement will be null and void and you will not receive any payment or other consideration related to the Agreement.

**YOU MUST RETURN THIS ENTIRE AGREEMENT BY THE DEADLINE, AND NOT JUST THIS SIGNATURE PAGE.**

**Please Read Carefully. This Agreement contains a release of known and unknown claims.**

BELANGE SALA-DIAKANDA

Belange Sala-Diakanda

FANNIE MAE

By:
Madonna K. McCall
Vice President and
Deputy General Counsel
6|9|17

## SETTLEMENT
## AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is made and entered into by and between you, Colin Newbold ("Newbold" or "you"), and Fannie Mae (collectively, the "Parties").

WHEREAS, during your employment by Aerotek, Inc. ("Aerotek"), you were assigned by your employer, Aerotek, to perform services for its customer, Fannie Mae. After the period in which you performed services for Fannie Mae, you filed a notice of consent to join an action against Fannie Mae and Aerotek, Inc. ("Aerotek"), among other parties, in the United States District Court for the Northern District of Georgia styled: *Jackson v. Federal National Mortgage Association et al.*, No. 1:15-cv-1411-AT, hereinafter referred to as the "Action".

WHEREAS, without any admission of wrongdoing, and without the further expenditure of time or the expense of contested litigation, the Parties each desire to enter into this Agreement for the purposes of resolving any and all issues you have raised in the Action, any and all issues that could have been raised in the Action, and any and all known or unknown, pending and potential claims and disputes you may have against Fannie Mae and the other Released Parties (as defined below and to the extent set forth below).

WHEREAS, you and Fannie Mae have agreed on the following terms that will forever resolve any and all existing and potential claims between you on the one hand and Fannie Mae and the other Released Parties on the other hand, including any claims you have that in any way relate to your assignment to perform services for Fannie Mae during your employment by Aerotek. For the avoidance of doubt, the claims released in this Agreement do not include any claims that Fannie Mae may have against any entity or person other than Newbold, including other parties to the Action.

NOW, THEREFORE, in consideration of these premises and of and in return for the payment, promises, affirmations, covenants, releases, and undertakings as set forth in this Agreement, the Parties agree as follows:

1.      Effective Date. This Agreement will become effective and enforceable on the date you accept it (the "Effective Date"), unless you timely revoke it in accordance with Paragraph 8(e). You will have twenty-one (21) calendar days in which to consider, sign and have your counsel return it to Fannie Mae. The 21-day period begins on the day after you or your counsel receives this Agreement.

2.      Fannie Mae Consideration. Contingent upon your execution of, non-revocation of, and compliance with the terms of this Agreement, Fannie Mae will pay you the gross amount of Sixteen Thousand One Hundred Twenty-Four Dollars and Twelve Cents ($16,124.12) within fifteen (15) business days of (i) Fannie Mae's receipt of your signed Agreement and executed IRS Forms W-9 (by Newbold and his counsel, Barrett & Farahany); and (ii) the dismissal of the Action with respect to your claims *with prejudice* or the filing of the Notice of Voluntary Dismissal, *with prejudice* (see Paragraph 5, below), whichever happens first, but in no case earlier than fifteen (15) business days after the Court's approval of the settlement reached between you and Fannie Mae. Payment will be made in the form of two checks, delivered to your counsel, as follows:

COLIN NEWBOLD
CONFIDENTIAL AGREEMENT AND GENERAL RELEASE
Page 2 of 7

       (a)     One check made payable to "Colin Newbold" for the gross amount of Ten Thousand Six Hundred Sixty-One Dollars and Forty-Nine Cents ($10,661.49). An IRS Form 1099 will be issued in due course for the total payment of $16,124.12 made to you under this Agreement, which amount includes the direct payment of $5,462.63 made payable to "Barrett & Farahany" under Paragraph 2(b) below.

       (b)     One check made payable to "Barrett & Farahany" in the amount of Five Thousand Four Hundred Sixty-Two Dollars and Sixty-Three Cents ($5,462.63), reflecting the portion of the payment allocated by you as attorneys' fees and expenses incurred by you in pursuing your claims in the Action. A separate IRS Form 1099 will be issued to "Barrett & Farahany" (EIN # 58-2591514) for this amount.

If at a later date it is determined by federal, state, or local taxing authorities, or by a court of competent jurisdiction, that any taxes should have been paid on the distributions referenced in Paragraphs 2(a) and 2(b), such taxes (including penalties, assessments, and interest) shall be your sole responsibility. You represent and agree that you will make all payments on such taxes, penalties, interest, and assessment and any that arise out of your failure to do so in a timely manner. Further, you agree to indemnify and hold Fannie Mae harmless if Fannie Mae is required by any tax authority to pay interest, and/or penalty by reason of not paying, reporting, or withholding any amounts in relation to Paragraphs 2(a) and 2(b) and to indemnify Fannie Mae for any and all legal fees and costs associated with responding to and/or defending a claim by said tax authority regarding the amounts referenced in Paragraphs 2(a) and 2(b).

3.     <u>Release of Claims</u>. You unconditionally release, waive, settle, and forever discharge any and all suits, actions, and claims, known and unknown (including claims for damages, injunctive relief, attorneys' fees, expenses and/or costs) that you may have against (a) Fannie Mae; its conservator, the Federal Housing Finance Agency; Common Securitization Solutions, LLC ("CSS"), and its and their respective past and present officers, directors, agents and employees (in their individual or representative capacities), and any past, present or successor of the Fannie Mae pension or benefit plans and its officers, directors, trustees, administrators, fiduciaries, agents or employees (collectively, and including Aerotek to the extent set forth in part (b) below, the "Released Parties") for any actions, omissions or decisions, from the beginning of the world up to and including the date you sign this Agreement, directly or indirectly relating to any matter whatsoever and (b) Aerotek relating to your assignment by Aerotek to perform certain underwriting services for Fannie Mae. However, you do not waive any rights or claims that cannot be waived under applicable law and you do not waive any rights or claims associated with the performance of the provisions of this Agreement or that arise after you sign this Agreement. You agree that this release includes claims that you presently do not know of or suspect to exist, even if you would not have entered into this Agreement had you known of those claims. You also understand that this release means that you are giving up the right to sue Fannie Mae or any of the Released Parties on any claim released. This Agreement does not waive or release any claim(s) Fannie Mae may have against Aerotek including any claim(s) for indemnification or breach of contract.

4.     <u>Release Includes Claims Under Federal, State, Local, and Common Law; Waiver of Recovery; Affirmations; Waiver of Class and Collective Actions; Non-Disparagement.</u>

COLIN NEWBOLD
CONFIDENTIAL AGREEMENT AND GENERAL RELEASE
Page 3 of 7

(a)     Scope of Release.  Except as set forth in part (b) of Paragraph 3 with respect to claims against Aerotek, you agree that your general release of the Released Parties in Paragraph 3 above is comprehensive and includes all claims and potential claims to the maximum extent permitted by law, and includes, but is not limited to:  (i) releasable claims under any federal statute, ordinance, regulation or executive order, as amended, including, but not limited to, the Fair Labor Standards Act of 1938, the Civil Rights Act of 1866, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, 42 U.S.C. Section 1981, the Equal Pay Act of 1963, the Lily Ledbetter Fair Pay Act of 2009, the Americans with Disabilities Act of 1990, the ADA Amendments Act of 2008, the Sarbanes-Oxley Act of 2002 ("SOX"), the Dodd-Frank Wall Street Reform & Consumer Protection Act of 2010 ("Dodd-Frank"), all other federal whistleblower protection statutes, the Employee Retirement Income Security Act of 1974, the Rehabilitation Act of 1973, the Family and Medical Leave Act of 1993, the Age Discrimination in Employment Act of 1967; the Older Workers Benefit Protection Act of 1990; the Worker Adjustment and Retraining Notification Act of 1988, Executive Order 11246, the Occupational Safety and Health Act of 1970 and the National Labor Relations Act; (ii) any claims under any state or local statute, ordinance or regulation, as amended, including, but not limited to, any state or local fair employment, human rights, leave, wage payment, or civil rights statutes in the jurisdiction(s) where you have performed services for Fannie Mae; (iii) any claims under state law for failure to pay wages, failure to provide overtime wages, or failure to provide accurate pay statements; and (iv) any claims under common law, including, but not limited to, claims for breach of contract, wrongful discharge, tort, and equitable relief.  The claims included in this Paragraph 4(a) do not include claims which by law cannot be released. This Agreement does not waive or release any claim(s) Fannie Mae may have against Aerotek including any claim(s) for indemnification or breach of contract.

(b)     Waiver of Recovery.  You waive any rights to recover in any lawsuit, judicial action, or administrative or other proceeding relating to Fannie Mae brought on your behalf concerning matters covered by this Release by any person, group, or agency, including the U.S. Equal Employment Opportunity Commission, the U.S. Department of Labor, the Office of Federal Contract Compliance Programs, or any other federal, state, or local administrative or fair employment rights enforcement agency.  Notwithstanding any other language in this Agreement, nothing herein is intended to or shall restrict your right to receive and fully retain a monetary award from a government-administered whistleblower award program for providing information directly to a government agency.

(c)     Affirmations.  By signing this Agreement, you specifically affirm the following: (i) you have returned, or ensured the return of, all Fannie Mae assets, information, and other property to Fannie Mae; (ii) apart from the claims in the Action, you have reported to Fannie Mae's Offices of Ethics or Investigations any conduct or action by Fannie Mae (or its employees, consultants, contractors, agents, or vendors, including you) that Fannie Mae may need to remediate, report, or investigate, or that may violate any law or any rights you may have; (iii) while using Fannie Mae assets, you have not committed, or assisted anyone else to commit, any fraudulent or criminal act(s); (iv) while assigned to perform services for Fannie Mae, you did not suffer any work-related injury for which you have not already filed a claim; (v) you are no longer assigned to perform services for Fannie Mae by Aerotek or any other entity; and, (vi) you have fully complied with your obligations under the Certification for Vendors' Employees and Third Party Employees Assigned to Fannie Mae agreement.

(d)     Class Action Waiver.  You further agree that with the exception of the Action, you will not bring or participate in any class, collective, or representative action against Fannie Mae and the other Released Parties which asserts, in whole or in part, any claim(s) which arose through the date you sign

this Agreement, whether or not such claims are specifically covered by this Agreement ("Class Action Waiver"). Notwithstanding any other clause contained in this Agreement, the preceding sentence shall not be severable from this Agreement in any case in which the dispute to be litigated or arbitrated is brought as a class, collective, or representative action. Although you will not be retaliated against as a result of exercising your rights under Section 7 of the National Labor Relations Act by the filing of or participation in a class, collective, or representative action in any forum, Fannie Mae and the other Released Parties may lawfully seek enforcement of this Agreement and the Class Action Waiver under the applicable law and seek dismissal of such class, collective, or representative actions or claims. Notwithstanding any other clause contained in this Agreement, any claim that all or part of the Class Action Waiver is unenforceable, unconscionable, void, or voidable may be determined only by a court of competent jurisdiction and not by an arbitrator. The Class Action Waiver shall be severable in any case in which the dispute is filed as an individual action and severance is necessary to ensure that the individual action proceeds.

(e)     Non-Disparagement.  Except as otherwise provided in Section 6(b) below, you agree not to make any oral or written statement concerning your employment with Aerotek and your assignment to perform services for Fannie Mae to any third party that would tend to disparage, denigrate, ridicule, or otherwise impugn Fannie Mae's or any other Released Party's reputation.

5.      Dismissals with Prejudice/No Pending Complaints or Charges.  As soon as practicable after the Effective Date and the Court's approval of the settlement reached between you and Fannie Mae in the Action, you agree to obtain a voluntary dismissal, *with prejudice*, relating to the Action. Other than the Action, you represent that you have not filed any complaints, charges, claims, lawsuits, demands, and/or other actions ("Complaints") against any of the Released Parties with any federal, state, local court, administrative agency, or arbitral forum and that you have not assigned or transferred to any person or entity any Complaints related to the Released Parties; provided, however, that you need not disclose to Fannie Mae, and the foregoing representation does not apply to, conduct or matters described in Section 6(b) below. To the extent any such Complaints are pending, or if any agency, arbitrator, or court assumes jurisdiction on your behalf of any Complaint against any of the Released Parties, you will promptly request that entity to withdraw from the matter.

6.      Cooperation.  You understand and agree that nothing in this Agreement shall be construed to affect Fannie Mae's or any federal or state agency's independent right and responsibility to enforce the law.

(a)     You agree that you will fully cooperate with any investigation conducted by Fannie Mae, Fannie Mae's auditor, the Federal Housing Finance Agency, the US Securities and Exchange Commission, or other federal, state or local government authority relating to Fannie Mae.

(b)     This Agreement also does not preclude you from filing a charge, including with the Equal Employment Opportunity Commission, or confidentially communicating, or cooperating with any federal, state, or local governmental authority or from taking any action required by law; in each case without receiving prior authorization from or having to disclose such conduct (including under Section 5 above) to Fannie Mae. Fannie Mae agrees that it will not construe any assertion of privilege applicable to you individually as failure to cooperate. However, you understand that Fannie Mae's privileges may only be asserted or waived by Fannie Mae.

(c)     The Parties understand that the Defend Trade Secrets Act of 2016 provides that an individual may not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret: (i) made in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney, solely for the purpose of reporting or investigating a suspected violation of law; and/or (ii) made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal.

7.     No Right of Employment.  You agree that you will not apply for or solicit Fannie Mae or Common Securitization Solutions, LLC (collectively, the "Fannie Mae Entities") to hire or rehire you to provide services for the Fannie Mae Entities, including as an employee, consultant or contractor.  You understand and agree that you will not seek, apply for, or accept future employment with the Fannie Mae Entities at any time hereafter.  In addition to prohibited future employment by the Fannie Mae Entities, you agree that you will not otherwise provide services to the Fannie Mae Entities as an onsite (assigned regular access to/use of Fannie Mae facilities and/or its network) consultant, contractor, agent or vendor. With these restrictions, you are not otherwise prohibited from seeking or accepting employment with a company that does business with Fannie Mae.  You agree that your forbearance to seek such employment or otherwise provide services is purely contractual and in no way involuntary, discriminatory, or retaliatory.

8.     ADEA Waiver and Acknowledgments.

(a)     Waiver of rights and claims under the ADEA and other laws.  By your general release of the Released Parties in Paragraphs 3 and 4, you knowingly and voluntarily waive any rights and claims under the Federal Age Discrimination in Employment Act of 1967, as amended, the Older Workers Benefit Protection Act of 1990, as amended, (together, the "ADEA"), and under the other statutes and laws set forth in Paragraph 4(a), above. However, you acknowledge and understand that you are not waiving any claims for age discrimination under the ADEA that may arise after the date you sign this Agreement, and you are not waiving any vested benefits, if any.

(b)     Sufficient consideration.  You agree that, absent your entry into this Agreement, you would not be entitled to the consideration set forth in Paragraph 2 of this Agreement.  The payments and other consideration to be provided to you under this Agreement are solely in exchange for your promises and affirmations in the Agreement, including your waiver and release of claims, and represent amounts and/or other consideration in excess of any amounts to which you are otherwise entitled.

(c)     Time to Consider and Consult With an Attorney.  You confirm that you have been given twenty-one (21) calendar days to consider this Agreement, which time is sufficient and satisfies any notification requirements that may exist.  You may use as much or as little of the 21 calendar days as you determine you need to consider the Agreement.  Should you elect to sign this Agreement before the expiration of 21 calendar days, you acknowledge that you are doing so voluntarily and that you are waiving the right to review the Agreement for the remainder of the 21 calendar days. You are hereby strongly advised to consult with an attorney before executing this Agreement and by signing this Agreement you confirm that you have had a fair and full opportunity to do so.  You further understand that Fannie Mae is not responsible for any expenses you may incur in consulting an attorney.

COLIN NEWBOLD
CONFIDENTIAL AGREEMENT AND GENERAL RELEASE
Page 6 of 7

(d)     Knowing and Voluntary.   You have entered into this Agreement knowingly and voluntarily with full understanding of its terms and after having had the opportunity to seek and receive advice and counsel from your personal legal counsel.

(e)     Revocation.   You may revoke your acceptance of this Agreement within seven (7) calendar days after you sign it.  Revocation is effective only by providing written notice to Fannie Mae's Vice President and Deputy General Counsel, Madonna McGwin at 3900 Wisconsin Avenue, NW, Washington, DC 20016, or by email to Madonna_a_mcgwin@fanniemae.com.  If you timely revoke your execution of this Agreement, the Agreement will be null and void and you will not receive any payment or other consideration related to the Agreement.  A mailed revocation notice must be post-marked no later than the seventh (7th) day after the date you signed the Agreement.

9.      Other Terms of this Agreement.

(a)     Any controversy, dispute or claim arising out of or relating to this Agreement, breach thereof, or any of the circumstances relating to any matter not released pursuant to Paragraphs 3 and 4 shall first be addressed through good faith negotiation, directly through counsel for the Parties.

(b)     The laws of the state of Georgia shall govern this Agreement. You agree that, should a court or an arbitrator of competent jurisdiction determine that any provision of this Agreement is illegal or invalid, that provision will be deemed modified to the extent necessary to be valid and enforceable.  If such modification is not possible, any illegal or invalid provision will be deemed not to be a part of this Agreement and the validity of the remaining parts, terms, and provisions will not be affected.

(c)     This Agreement supersedes any prior written or oral employment agreement between you and Fannie Mae, and any such agreement is terminated effective upon execution of this Agreement.  You and Fannie Mae understand and agree that, with the exception of the Certification for Vendors' Employees and Third Party Employees Assigned to Fannie Mae agreement, the terms and conditions of this Agreement constitute your full and complete understandings, promises, affirmations, covenants, and undertakings to each other, and that there are no oral or written understandings, promises, affirmations, covenants, undertakings, or inducements made or offered with respect to the subject matter covered in this Agreement other than those set forth in writing in this Agreement, and this Agreement merges and supersedes any and all prior understandings, promises, affirmations, covenants, undertakings, and representations on the subject matter covered herein.  No modification of this Agreement shall be valid unless it is in writing and signed by you and by Fannie Mae (as indicated by the signature on an officer in Fannie Mae's Legal Department).

(d)     By entering into this Agreement, Fannie Mae is not admitting to having:  (i) ever employed you, (ii) violated any of your rights, (iii) violated any of the duties or obligations owed to you, or (iv) engaged in any conduct in violation of the common law or the above-referenced statutes, ordinances, executive orders or regulations.  You agree that except as necessary to enforce this Agreement, or as otherwise required by law, neither this Agreement nor any of its terms shall be offered

COLIN NEWBOLD
CONFIDENTIAL AGREEMENT AND GENERAL RELEASE
Page 7 of 7

as evidence in any action or proceeding, or utilized in any other matter as an admission or concession of liability or wrongdoing of any nature by Fannie Mae.

(e)     This Agreement will be binding upon and run to the benefit of you and Fannie Mae and to your respective heirs, representatives, executors, trustees, directors, employees, successors, and assigns.

10.    <u>Execution.</u>  By signing this Agreement you confirm that your decision to enter into it is wholly knowing, voluntary, and absent any pressure or undue influence by Fannie Mae.  You further confirm that you have carefully read, fully understand, and agree to all of the provisions of this Agreement and that you are hereby advised to, and have had an opportunity to, review it with your attorney.  You also represent that you have not made any alterations or changes to this Agreement and that you intend to be legally bound by it.  If you make any alterations or changes to this Agreement, the Agreement will be null and void and you will not receive any payment or other consideration related to the Agreement.

**YOU MUST RETURN THIS ENTIRE AGREEMENT BY THE DEADLINE, AND NOT JUST THIS SIGNATURE PAGE.**

**Please Read Carefully. This Agreement contains a release of known and unknown claims.**

COLIN NEWBOLD                              FANNIE MAE               6/9/17

Colin Newbold                              By:
                                           Madenna A. McGwin
                                           Vice President and
                                           Deputy General Counsel